UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**George L. Russell, III**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

January 30, 2020

MEMORANDUM TO PARTIES RE:   Emilio Lanza v. State of Maryland, et al.
Civil Action No. GLR-19-861

Dear Parties:

Pending before the Court is Defendants State of Maryland (the "State") and Sarah Simpkins' Motion to Dismiss (ECF No. 4). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2018). For the reasons outlined below, the Court will grant the Motion.

On June 10, 2018, an unidentified man assaulted Plaintiff Emilio Lanza, a New York resident who was visiting Baltimore, Maryland.[1] (Compl. at 6, 9, ECF No. 1).[2] Lanza reported the assault to police and went to Johns Hopkins Hospital, where he was treated for facial injuries. (Id. at 9–10). On July 17, 2018, the State subpoenaed Lanza to appear at an August 1, 2018 preliminary hearing. (Compl. Ex. ["Subpoena"] at 1, ECF No. 1-2). Quincy Harris was the defendant in that matter. (Id.). Lanza went to court as instructed and spoke to an unidentified prosecutor, who informed him that the case had been transferred "downtown." (Compl. at 10). Before dismissing Lanza for the day, the prosecutor confirmed Lanza's address and phone number and told him that someone would probably contact him. (Id.).

Assistant State Attorney Sarah Simpkins left Lanza a voicemail on August 8, 2018, asking him to confirm that he would attend the 8:30 a.m. hearing at the North Avenue District Courthouse the following day. (Id.). Lanza went to court the following morning. (Id.). Lanza and Simpkins spoke briefly, and the conversation concluded with Simpkins telling Lanza that she would call him after she "[found] out what we can do with this case." (Id. at 11). Lanza left the courthouse, apparently under the impression that Simpkins "automatically sent[t] [him] home." (Id.). Later that day, Simpkins left Lanza a voicemail, instructing him to call her or to return to the courthouse. (Id.). After a series of missed calls, Simpkins eventually spoke to Lanza and told him that the case had been dismissed because he was not present when the judge called the case. (Id.).

On March 22, 2019, Lanza, proceeding pro se, sued Defendants for allegedly violating his Sixth Amendment rights. (ECF No. 1). Lanza seeks $10,746.14 in damages to cover medical bills and lost wages. (Compl. at 5). Defendants filed a Motion to Dismiss on May 22, 2019. (ECF No.

---

[1] Unless otherwise noted, the Court takes the following facts from Lanza's Complaint and accepts them as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted).

[2] Citations refer to the pagination assigned by the Court's Case Management and Electronic Case Files ("CM/ECF") system.

1

4). On June 10, 2019, Lanza filed his Opposition. (ECF No. 6). To date, Defendants have not filed a Reply.

The purpose of a Rule 12(b)(6) motion is to "test[ ] the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)). A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. Goss v. Bank of Am., N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd sub nom., Goss v. Bank of Am., NA, 546 F.App'x 165 (4th Cir. 2013). In considering a Rule 12(b)(6) motion, a court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. Albright v. Oliver, 510 U.S. 266, 268 (1994); Lambeth v. Bd. of Comm'rs of Davidson Cty., 407 F.3d 266, 268 (4th Cir. 2005) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). But, the court need not accept unsupported or conclusory factual allegations devoid of any reference to actual events, United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979), or legal conclusions couched as factual allegations, Iqbal, 556 U.S. at 678.

When, as here, the plaintiff is proceeding pro se, the Court will liberally construe the pleadings, which are held to a less stringent standard than pleadings drafted by lawyers. Erickson, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)); accord Brown v. N.C. Dep't of Corr., 612 F.3d 720, 722 (4th Cir. 2010). Pro se complaints are entitled to special care to determine whether any possible set of facts would entitle the plaintiff to relief. Hughes v. Rowe, 449 U.S. 5, 9–10 (1980). But even a pro se complaint must be dismissed if it does not allege "a plausible claim for relief." Forquer v. Schlee, No. RDB-12-969, 2012 WL 6087491, at *3 (D.Md. Dec. 4, 2012) (citation and internal quotation marks omitted).

Defendants argue that dismissal is appropriate for three reasons. First, Simpkins is a state prosecutor, who is entitled to absolute immunity when deciding whether and who to prosecute; second, Simpkins is entitled to qualified immunity in her individual capacity because she did not violate a clearly established statutory or constitutional right; and third, the Complaint fails to state a plausible claim against Defendants. Lanza's Opposition fails to address Defendants' arguments.

In failing to respond to the substance of Defendants' Motion, the Court may conclude that Lanza concedes the accuracy of Defendants' arguments. Stewart Title Guar. Co. v. Sanford Title Servs., LLC, Civ. No. ELH-11-620, 2011 WL 5547997, at *3 (D.Md. Nov. 10, 2011) (concluding that "the failure to respond to the Motion [to Dismiss] is tantamount to a waiver of any opposition on the merits"). See also Muhammad v. Maryland, No. ELH-11-3761, 2012 WL 987309, at *1 n.3

2

(D.Md. Mar. 20, 2012) ("[B]y failing to respond to an argument made in a motion to dismiss, a plaintiff abandons his or her claim."). Nonetheless, the Court reaches the merits of Defendants' Motion and concludes that dismissal is appropriate.

Lanza's Complaint alleges that the Sixth Amendment "guarantees a cluster of rights designed to make criminal prosecutions more accurate and legitimate," (Compl. at 4), and that Simpkins violated those rights by dismissing the case before Harris could stand trial. Lanza may have accurately identified the purpose of the Sixth Amendment, but he has missed the mark as to its scope. The Sixth Amendment ensures that criminal defendants receive legal counsel, a speedy trial, and a host of other rights. However, those rights are clearly reserved for criminal defendants. The Sixth Amendment does not, either explicitly or implicitly, extend such rights to victims and witnesses in criminal proceedings. Here, Lanza was subpoenaed to appear on behalf of the State as a witness; he was not the defendant in the underlying criminal case. Thus, Lanza's constitutional claim fails.

Moreover, even if the Sixth Amendment somehow applied to Lanza's claim, his Complaint fails to allege sufficient facts establishing that Defendants' conduct amounts to misconduct. See Iqbal, 556 U.S. at 678. Prosecutors maintain broad discretion in determining when, how, and who to prosecute. See Smallwood v. State, 443 A.2d 1003, 1005 (Md.Ct.Spec.App. 1982). Lanza has cited no caselaw supporting his contention that failure to prosecute constitutes a cognizable legal claim. While Lanza may be dissatisfied with the outcome of the underlying criminal proceeding, he has not alleged facts showing he is entitled to judicial relief. At bottom, Lanza has failed state a claim upon which relief can be granted.[3]

For the foregoing reasons, Defendants' Motion to Dismiss (ECF No. 4) is GRANTED and Lanza's Complaint is DISMISSED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this memorandum, it shall constitute an Order of this Court, and the Clerk is directed to docket it accordingly and to mail a copy of this memorandum to Lanza at his address of record.

                                        Very truly yours,

                                        /s/
                                        George L. Russell, III
                                        United States District Judge

---

[3] Because the Court will dismiss Lanza's Complaint for failure to state a claim, the Court need not address Defendants' immunity arguments.